**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**BAO VAN HOANG, Defendant–**
**Appellant.**

**No. 13–20277**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 15, 2014.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Nathan J. Mays, Esq., Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Bao Van Hoang pleaded guilty to an indictment that charged him with conspiring, in February 2006, in the Southern District of Texas, to possess with intent to distribute five kilograms or more of a substance containing cocaine. The district court varied downward from the applicable guidelines range and sentenced Hoang to 225 months of imprisonment and a five-year term of supervised release. Hoang filed a timely notice of appeal.

We first consider Hoang's challenge to the district court's application of a three-level enhancement to reflect his role in the offense. A three-level enhancement under U.S.S.G. § 3B1.1(b) "may be appropriate where 'a defendant did not organize, lead, manage, or supervise another participant, but ... nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.'" *United States v. St. Junius*, 739 F.3d 193, 208 (5th Cir.2013) (quoting § 3B1.1, comment. (n. 2)).

■ Hoang argues that there were no facts or evidence to support a finding that he played an aggravated role in the offense and that the district court's finding was improperly based upon the Government's mere suppositions. The facts contained in the presentence report (PSR) are presumptively reliable, *see United States v. Franklin*, 148 F.3d 451, 460 (5th Cir. 1998), and, because those facts were not rebutted by Hoang, the district court was entitled to rely upon them in determining whether the enhancement was warranted. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir.2006). Considering only the February 2006 search of a stash house

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rented by Hoang, the PSR reflects the following. Hoang controlled the assets of the criminal activity such that he was able to access the cash needed to buy cocaine in large quantities from his Mexican source. He was also able to use those assets to rent a stash house, and he had responsibility for that property as it was rented in his own name. Hoang acted in a supervisory capacity over Phong Tran, leaving large amounts of cocaine with him for repackaging and taking responsibility for hiring a defense attorney for Tran when he was arrested in connection with this conspiracy. Under these facts, it is at least plausible that Hoang's conduct warranted the § 3B1.1(b) enhancement, and the district court thus did not clearly err in applying that enhancement. *See* § 3B1.1, comment. (n. 2); *St. Junius*, 739 F.3d at 208–09; *United States v. Brown*, 727 F.3d 329, 340 (5th Cir.2013).

Additionally, Hoang argues that the district court erred in applying the § 3B1.1(b) enhancement because another judge had already decided that no such enhancement was warranted. Hoang was convicted in the Eastern District of Wisconsin for conspiracy to possess with the intent to distribute marijuana, and the facts of the instant case were before the sentencing judge in Hoang's Wisconsin case. Hoang argued in his earlier case that he was a minor participant in the marijuana-distribution conspiracy, an argument that the district court in that case rejected. Because neither the probation officer nor the Government had suggested a § 3B1.1(b) role enhancement in Hoang's prior case, however, the sentencing judge in that case did not make any determination as to whether such an enhancement was warranted. Accordingly, Hoang's arguments that the judge in the Wisconsin case found him to be an average participant and that the district court's determination that the enhancement was warranted in this case is "in direct conflict with the finding of" another federal district court lack a factual basis.

We turn next to Hoang's argument that, because the district court sentenced him to 225 months of imprisonment in this case and he was sentenced to only 102 months of imprisonment in his Wisconsin case, he is being punished twice for the same conduct and offense. The Double Jeopardy Clause prevents the Government from engaging in successive punishments for the same offense. *See Witte v. United States*, 515 U.S. 389, 396, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). However, the "use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause." *Witte*, 515 U.S. at 399, 115 S.Ct. 2199.

■ Hoang attempts to distinguish *Witte* on the ground that the Government included in the factual basis for Hoang's marijuana-distribution-conspiracy conviction facts that gave rise to the instant cocaine-distribution-conspiracy conviction. He maintains that, by doing so, the Government made the cocaine-distribution-conspiracy conduct the "primary conduct" to which Hoang pleaded guilty in the Wisconsin case. Hoang's earlier conviction was for conspiring between November 2003 and September 2005 to possess with the intent to distribute marijuana. His instant conviction is for conspiring in February 2006 to possess with the intent to distribute cocaine. Hoang has pointed to no legal authority for the proposition that the inclusion of facts describing his conduct in 2006 in the factual basis for his earlier conviction could have the effect of transforming a guilty plea to a marijuana-distribution-conspiracy into a plea for the

2006 cocaine-distribution conspiracy. Hoang was not punished twice for the same offense or conduct. *See Witte*, 515 U.S. at 399, 115 S.Ct. 2199.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.